UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LORENZO WALKER and CHINA DARDEN, an infant,

              Plaintiffs,

    - v -                              01-CV-0069
                                           (NAM)(DEP)

SYRACUSE POLICE DEPARTMENT, OFFICER SCOTT
R. CLARKE, DETECTIVE RANDY COLLINS, DETECTIVE
M.L. BYRNE, LIEUTENANT ROCKWOOD, SERGEANT
CECILE, OFFICER S. MACALLAIR, OFFICER STEVEN
STONECIPHER, OFFICER R. REYNOLDS, SERGEANT
DEEGAN, OFFICER SOUTHWELL, OFFICER REILLY,
SERGEANT BEAR, OFFICER BOYNTON, SERGEANT
GAY, SERGEANT FLYNN, SERGEANT FOWLER,
DETECTIVE THOMPSON, DETECTIVE DADEY, and
SERGEANT PROUD,

              Defendants.

---

APPEARANCES                           OF COUNSEL:

BELLETIER LAW OFFICES             Anthony Belletier, Esq
*Attorney for Plaintiffs*
204 East Jefferson Street
Syracuse, New York 13202

TERRI BRIGHT                        Nancy J. Larson, Esq.
Corporation Counsel for the City of Syracuse    James P. McGinty, Esq.
*Attorney for Defendants*               Asst. Corporation Counsel
300 City Hall
Syracuse, New York 13202

NORMAN A. MORDUE, United States District Judge

## MEMORANDUM-DECISION AND ORDER

## I.    INTRODUCTION

Defendants move anew for summary judgment on plaintiff's claim under 42 U.S.C. §

1983 for alleged unlawful entry into his home by members of the City of Syracuse Police

Department on October 27, 1999.  Familiarity with the facts of this case are presumed based on the Court's earlier Memorandum-Decision and Order concerning defendants' first motion for summary judgment.

B.    Illegal Entry Under 42 U.S.C. § 1983

This Court previously found insufficient evidence in the record to conclude that defendants' forceful entry into plaintiff Walker's home without a warrant nearly ten hours after his initial alleged defiant and combative contact with police was conducted under exigent circumstances.  Consequently, the Court denied summary judgment to defendants finding questions of material fact persisted concerning the lawfulness of the then claimed "warrantless" entry into plaintiff Walker's home.

Based on evidence submitted in support of the motion at bar, defendants now contend that entry by police into plaintiff's home on the night in question was at all times supported by two arrest warrants, signed by Syracuse City Court Judge Kevin Young.  Plaintiff's principle contention in opposition to defendant's motion is that the information concerning the warrants is not new and should have been presented to the Court in conjunction with the initial motion for summary judgment.  Short of evidence that defendants have endeavored to deceive the Court or unfairly prejudice plaintiff, however, this objection rings hollow.  The Court cannot ignore critical evidence which nullifies one of plaintiff's claims as a matter of law simply because the Syracuse Police Department and its legal counsel appear to have coordinated inefficiently in the defense of this litigation.

Plaintiff's counsel suggests in conclusory fashion that some of the allegations presented by police to Judge Young prior to issuance of plaintiff's arrest warrants were false, but review of

the documents submitted by plaintiff in support of this contention reveals no basis for such a claim.  The Court can discern no practical or legal discrepancy between the police telling Judge Young that plaintiff "menaced" Queen Frazier with a gun and Queen Frazier telling police that she thought plaintiff had a gun and might shoot her because he was running toward her car, yelling and kept his right hand hidden inside his shirt.  As a further matter, assuming without deciding for the purpose of the present motion that Detective Collins was mistaken when he wrote in a felony complaint in support of the warrant application that plaintiff's 8 year old daughter was present during his altercation with Queen Frazier, plaintiff does not dispute the allegations by police that he "grab[ed] onto China Walker in a defensive manner using her as a shield between himself and the police as the police were attempting to investigate the incident."  Nor does plaintiff dispute defendants' contention that he "verbally threaten[ed] the use of firearms against the police officers stating 'Well I got a 44 and 4 others in my safe and I'll do what I have to to defend myself '" also in the presence of his minor daughter.  Thus the Court finds no basis for plaintiff's contention that the arrest warrant issued in this case for endangering the welfare of a child was issued based entirely on false information.

The issuance of valid arrest warrants nullifies plaintiff's claim of illegal entry into his home by police as a matter of law.  *See Payton v. New York,* 445 U.S. 573, 602-03 (1980).  Based on the absence of material triable issues concerning the existence or validity of these warrants, the Court grants defendants' motion for summary judgment on plaintiff's federal claim for illegal entry.

C.      Failure to File Notice of Claim by Infant Plaintiff

Plaintiffs do not dispute defendants' claim that plaintiff China Darden's claims are subject to dismissal based on her failure to file a notice of claim as required by N.Y. Gen. Mun. Law § 50-e.  Instead, plaintiffs have filed a cross-motion for leave to file a late notice of claim. However, every district court which has considered the issue has determined that federal courts lack jurisdiction to consider such applications since the state statute specifically provides that any motion for leave to file a late notice of claim must be made to the supreme court or to the county court: (a) in a county where the action may properly be brought for trial, (b) if an action to enforce the claim has been commenced, in the county where the action is pending, or (c) in the event that there is no motion term available in any of the counties so specified, in any adjoining county.  *See, e.g., Brown v. Metropolitan Trans. Auth.,* 717 F.Supp. 257, 258-60 (S.D.N.Y.1 989) (citing *Lipinski v. Skinner*, 700 F.Supp. 637, 638 (N.D.N.Y. 1988)); *Corcoran v. New York Power Auth.,* 1997 WL 603739, *6 (S.D.N.Y.  Sept. 29, 1997), *aff'd on other gds.,*202 F.3d 530 (2d Cir. 1999); *Katz v. City of New York*, 1996 WL 599668, *12 (S.D.N.Y.  Oct. 17, 1996).  Based thereupon, the Court finds that it lacks jurisdiction to grant the relief sought by plaintiffs and denies the motion for leave to file a late notice of claim.

## IV.    CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that defendants' motion for summary judgment dismissing plaintiffs' claim for unlawful or illegal entry is GRANTED; and it is further

ORDERED, that defendants' motion for summary judgment dismissing the infant plaintiff's claims for failure to file a notice of claim is GRANTED without prejudice; and it is further

ORDERED, that plaintiffs' cross-motion for leave to file a later notice of claim is

DENIED.

IT IS SO ORDERED.

Date:    December 9, 2005
         Syracuse, New York

Norman A. Mordue
U.S. District Judge